The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JULIE ANN HOWELL, | CASE NO. 10-61119 |
| Debtor. | ADV. NO. 10-6072 |
| CHARLOTTE L. RITTER, | JUDGE RUSS KENDIG |
| Plaintiff, | |
| v. | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| JULIE ANN HOWELL, | |
| Defendant. | |

    Plaintiff's unopposed motion for summary judgment is before the court. In the motion, Plaintiff seeks to have the court hold a debt owed her by Defendant-debtor nondischargeable under 11 U.S.C. § 523(a)(2), (4) and (6). In the motion, Plaintiff asserts collateral estoppel prevents relitigation of issues and warrants a finding of nondischargeability.

    The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND AND FACTS

The debt at issue arises from the sale of a car between Plaintiff, the seller, and Debtor, the buyer. After the transaction went south, Plaintiff sued Debtor in the Massillon Municipal Court, Stark County, Ohio. Following trial of the matter, the municipal court entered judgment in Plaintiff's favor on August 20, 2009. The municipal court made the following factual findings:

1. The Plaintiff sold, and the Defendant purchased, a 1992 Lexus on August 13, 2008. This was a private "as is" sale with no warranties given. The vehicle was advertised in good condition.

2. The Defendant had an opportunity to inspect the vehicle prior to the sale but was in a hurry and failed to do so.

3. The Plaintiff had no knowledge of any prior defect in the vehicle's engine and neither did her mechanic, Mr. Donofrio, when he serviced it in May of 2008.

4. The Plaintiff signed the vehicle title and offered to go to a local bank with the Defendant to have it notarized. The Defendant refused, stating she was a notary and would take care of it–and obtain temporary tags. The Defendant is, in fact, a notary public.

5. Defendant gave the Plaintiff a check for $2,900, the purchase price, and Defendant's son drove away in the vehicle. The Defendant took possession of the signed title.

6. The Defendant stopped payment on the check on August 20, 2008, after a telephone call to the Plaintiff went unanswered. Defendant alleged that the vehicle had mechanical problems but provided no proof to substantiate her claims. She claims to have spent $3,816 to repair the Lexus.

7. On September 28, 2008, the Defendant's son totaled the Lexus in an accident. The remains of the vehicle were towed to Skipco tow lot.

2

8. The Defendant never registered the title with the Clerk of Court, and failed to obtain insurance on the vehicle as required by law. The signed but unregistered title was mailed to the Plaintiff's attorney after the vehicle was destroyed.

9. The Plaintiff, while disputing ownership or responsibility, turned the title over to Skipco. There remains an outstanding balance on storage to Skipco.

The court also specifically found that "the Defendant never intended to pay for the Lexus" and "Defendant wrote the check for $2,900 knowing she would stop payment on the same and with the purpose to deprive the Plaintiff of said amount." (Plaintiff's M. Summ. J., Exh. A.) The municipal court found Defendant liable under O.R.C. § 2307.61 and awarded treble damages totaling $8,700, $1,500 in attorney's fees, and a $35 bad check fee. Defendant was also ordered to indemnify and hold Plaintiff harmless on any towing and storage fees.

Defendant filed a chapter 13 bankruptcy petition on March 22, 2010. Plaintiff was not listed as a creditor, but notice of the petition was provided to her attorney in the municipal court action, Stephen A. Ginella. Plaintiff filed the instant adversary action on June 28, 2010. Debtor's plan has not been confirmed. The proposed plan does not provide any recovery to unsecured creditors.

## LAW AND ARGUMENT

Motions for summary judgment are governed by Federal Rule of Bankruptcy Procedure 7056, which adopts Federal Rule of Civil Procedure 56 into bankruptcy practice. According to Rule 56(c)(2), summary judgment is granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

Plaintiff contends the judgment from municipal court contains sufficient findings of fact to support her claim of nondischargeability. The court agrees. First, collateral estoppel does apply to dischargeability actions. *See* Grogan v. Garner, 498 U.S. 279 (1991); Bay Area Factors v. Calvert (In re Calvert), 105 F.3d 315 (6th Cir. 1997). If a state court would give preclusive effect to the judgment, the bankruptcy court should also. Ed Schory & Sons, Inc. v. Francis (In re Francis), 226 B.R. 385, 388 (B.A.P. 6th Cir. 1998) (citing Calvert, 105 F.3d 315). Under Ohio law, collateral estoppel is available when the following four conditions are established:

1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

3

2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

Sill v. Sweeney (In re Sweeney), 276 B.R. 186 (B.A.P. 6th Cir. 2002) (citations omitted).

Plaintiff satisfied the prerequisites to imposition of collateral estoppel. The judgment followed a trial. The judgment sates that Defendant "told the Court she would represent herself in the case and was comfortable doing so." (Plaintiff's M. Summ. J., Exh. A, p. 1.) She testified at the trial. Clearly, the issues were fully and fairly litigated.

The municipal court found Defendant issued a check to Plaintiff knowing she was going to place a stop payment on the check, resulting in harm to Plaintiff. These findings were necessary to the action under 2307.61 and also prove actual fraud. 'When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code." Conley v. Smith (In re Smith), 407 B.R. 442 (B.A.P. 6th Cir. 2008) (unpublished) (citing Mellon Bank, N.A. v. Vitanovich (In re Vitanovich), 259 B.r. 837, 877 (B.A.P. 6th Cir. 2001)). Actual fraud can include ' " any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another . . . .'" Schafer v. Rapp (In re Rapp), 375 B.R. 421 (Bankr. S.D. Ohio 2007) (citing McClellan v. Cantrell, 217 F.3d 890, 893 (7th Cir. 2000) (quoting 4 Collier on Bankruptcy ¶ 523.08[1][e], p. 523-45 (15th ed., Lawrence P. King ed., 2000))). Consequently, the second and third condition for applying collateral estoppel are also established.

Concerning the fourth element, there is no dispute that Debtor was the defendant in the state court action. Debtor has demonstrated that collateral estoppel is applicable to the state court judgment, thereby preventing relitigation of the issues necessary to that judgment.

## CONCLUSION

Collateral estoppel applies to prevent relitigation of the issues from the municipal court case. The same elements required for proof of the theft offense support a finding of actual fraud under 11 U.S.C. § 523(a)(2)(A). Plaintiff's motion for summary judgment is well-taken. The municipal court judgment is non-dischargeable.

An order will be issued immediately.

#   #   #

4

**Service List:**

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608